[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11913
Non-Argument Calendar
_____

D.C. Docket No. 5:00-cr-00037-LJA-CHW-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

RANDY BERNARD BRAGG,

Defendant – Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(August 4, 2017)

Before MARCUS, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Following the Surpeme Court's decision in *Johnson v. United States*, 135 S.

Ct. 2551 (2015), the district court vacated Randy Bragg's 210-month sentence,

which had been imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Because the ACCA no longer applied to Mr. Bragg, his maximum statutory sentence for violating 18 U.S.C. § 922(g) was 10 years, and his advisory guideline range was 57-71 months.

By the time of the resentencing hearing, Mr. Bragg had served approximately 198 months in prison – 78 months more than his maximum 10-year sentence. So both Mr. Bragg and the government asked the district court to impose a sentence at or below the 10-year maximum. The government told the district court that a sentence of time served (i.e., 198 months) would be illegal because it would exceed the 10-year maximum.

The district court varied upward and imposed a sentence of time served. Because Mr. Bragg had served approximately 198 months in prison, the time-served sentence exceeded the 10-year maximum and constituted reversible error. We therefore vacate Mr. Bragg's sentence and remand for resentencing. *See, e.g., United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009) (holding that sentence exceeding statutory maximum constituted plain error and required vacator). The district court shall impose a sentence at or below the 10-year statutory maximum.

**VACATED AND REMANDED**.